O’Neall J.
delivered the opinion of the Court,
mi i t* 11 . . . . , A he lease lor the premises given in evidence, was from Dr. Fronty, for one year commencing on the 5th August 1829. At his death, the premises devolved on Mrs. Fronty, his widow, as her inheritance, the expiration of the year, the lease was renewed parol, by Mr. Godard as her agent, for the year. At the termination of the second year, the tenant in possession, continued to occupy the premises without any formal renewal of the lease. The rent was payable quarterly. Mrs. Fronty died in Decern- *166 i;)er 1831, about the middle of the second quarter. — • The rent for the third quarter ending 5th May, 1882, was claimed by the plaintiff, as the devisee of Mrs. Fl'ontY- the trial °i'fhe case, she did not give in evidence, the will of Mrs. Fronty, but relied on parol evidence to establish the devise. Í am very much inclined to think, that if the fact of the devise to the plaintiff had been proved, that she would have been entitled to recover. In 1 Chitty. plead, mar. page 14, it is said, “in the case of a covenant running with land and of which the. covenantee was seized in fee, the executor or administrator should, under the statute, 32 Hen. 8 c. 37, sue for a breach in the cove-nantee’s life time, (unless in a case of joint tenancy) and his heir or devisee, though not named in the covenant with the lessor &c., will be respectively the proper party to sue, for a breach of the covenant after the death of the lessor.” Although the Stat. 32, Hen. 8, c. 37, is not of force in this State, there can be little doubt, that the action for a breach of covenant in the life time of the covenantee, should be brought in the name of his executor or administrator. A breach of the covenant after his death, is a direct injury to the heir or devisee, and hence as the case may be, one or the other, is the proper party to maintain an action for it. In this case there is no covenant in relation to the rent: it is an action by sum. pro. for the use and occupation.. This action is predicated on an entry and occupation by consent, it does not lie when either are adverse.
It is necessary therefore, first to inquire whether the defendants’ possession was by consent or adverse. It is clear that they entered and continued in possession under Dr. and Mrs. Fronty, by consent and under an express contract to pay rent for two years. After that time, they retained the possession by her permission, and actually paid the rent for one and part of two quarters. This is enough to shew that their posssession was not adverse to either Dr. or Mrs. Fronty, and it could not of course be so, as against her devi-see. After the death of Mrs. Fronty, they continued the occupation for one quarter, this must be regarded *167 as the continuation of their former possession under Mrs. Fronty’s title, and if the plaintiff had shewn that that title was in her, I think the law would have implied a promise on the part of the defendants, to pay her the rent.
Bailey, for the motion.
Yeadon, contra.
But the plaintiff failed to connect herself by legal evidence with the title of Mrs. Fronty. To have done so, it was necessary that her will should have been given in evidence. Parol could not prove that which existed in writing.
The non suit was therefore properly ordered, and the motion to set it aside is dismissed.
Q’Neall & Harper Js. concurred.'